## JIMBO JENKINS V. THE STATE.

No. 10662.　Delivered February 9, 1927.

Rehearing denied March 30, 1927.

**1.—Assault to Murder—Requested Charges—On Weight of Evidence—Properly Refused.**

Where, on a trial for an assault to murder, the appellant complains of the refusal of three special charges, and the charges requested, attempt to group facts, and apply the law to them in a manner which makes them obnoxious to the rule against charges on the weight of the evidence, no error is shown in the refusal of same.

### ON REHEARING.

**·2.—Same—Evidence—Conflicting—Question for Jury.**

Where the evidence on the trial of a criminal case is conflicting, that of the state being sufficient to support a conviction, this conflict under our laws is a question for the jury to decide, and their verdict cannot be set aside, except for sufficient cause shown. The motion for rehearing is overruled.

Appeal from the District Court of Rusk County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for an assault to murder, penalty two years in the penitentiary.

The opinion states the case.

*J. W. McDavid* of Henderson, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Rusk County of assault to murder, punishment two years in the penitentiary.

The state's testimony makes out a clear case of assault to murder; that of appellant a case of self-defense. There are four bills of exception, three of which evidence complaint of the refusal of three special charges. The charges complained of in bills of exception Nos. 2 and 3 attempt to group facts and apply the law to them in a manner which makes them obnoxious to the rule against charges on the weight of the testimony. We conceive the charges referred to in bill of exceptions No. 1 to be entirely covered by the main charge. Bill of exceptions No. 4 was taken to the overruling of motion for new trial and in arrest

of judgment, and we perceive nothing in same to call for any discussion by this court.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The correctness of our former opinion is assailed only upon the proposition that the testimony is insufficient. The prosecuting witness testified that following some misunderstanding between himself and appellant about some pigs, appellant came to where he was at work, carrying a shotgun, and said he had come to settle the hog business. After some words witness said he started away and appellant followed him and shot him. Appellant testified that he went to where prosecuting witness was, and following some words, prosecuting witness attacked him with an axe, and that in self-defense he shot. Conflicts in the testimony are for settlement by the jury. If they believed the testimony of prosecuting witness, appellant was guilty of assault with intent to murder. If they believed appellant, he was guilty of nothing. They accepted the state's version of the matter.

The motion for rehearing is overruled.                *Overruled.*